UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-133-RLV
(5:10-cr-39-RLV-2)

| | |
|---|---|
| **CHARLES EDWARD GRIFFITH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1.) Also before the Court is Petitioner's motion for leave to file additional authority. (Doc. No. 2.)

I. RELEVANT BACKGROUND

On December 27, 2010 Petitioner pled guilty in the District Court to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). His case was referred to the U.S. Probation Office for preparation of a presentence report (PSR). In the PSR, the probation officer concluded that Petitioner qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on North Carolina state convictions for one count of breaking and entering, larceny and two counts of breaking and entering, as well as federal convictions for Conspiracy to Possess with Intent to Distribute Cocaine and Marijuana (Count 1), Possession with Intent to Distribute Cocaine, Aid & Abet (Counts 2, 7, & 8), Possession with Intent to Distribute Marijuana, Aid & Abet (Counts 3 & 4) (Judgment, Criminal Case No. 5:99CR58-06-RLV, Doc. No. 111). (PSR, Criminal Case No. 5:10-cr-00039-RLV, Doc. No. 15 ¶ 24.) On June 13, 2011, Petitioner was sentenced as an armed career criminal to a

1

term of 180-months' imprisonment. (Judgment, id. at Doc. No. 18.) Judgment was entered on June 21, 2011 (id.), and Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on June 25, 2016, when he signed and placed it in the prison mail system. (Motion 13, Doc. No. 1.) In it he challenges his enhanced sentence under the ACCA.

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion.

## III.   DISCUSSION

Petitioner's sole claim is that he is entitled to relief from his designation as an armed career criminal under § 924(e) because his North Carolina convictions for breaking and entering no longer qualify as violent felonies under the ACCA following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Under the ACCA, a defendant convicted of an offense under 18 U.S.C. § 922(g) faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying prior convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)  is burglary, arson, or extortion, involves use of explosives, *or otherwise involves*

> *conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B)(i)(ii) (emphasis added).  The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause.  See Johnson, 135 S. Ct. at 2556.

In Johnson, the Court held that the ACCA's residual clause is unconstitutionally vague. Id. at 2558.  Thus, a defendant who was sentenced to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence.  In Welch v. United States, the Supreme Court made clear that the ruling in Johnson applies retroactively to cases on collateral review.  136 S. Ct. 1257, 1268 (2016).

Petitioner, however, cannot obtain relief under Johnson for two reasons.  The first is that according to the PSR, he has three prior federal convictions for "serious drug offense[s]," which remain predicate offenses under the ACCA.  The second is that according to Fourth Circuit precedent, Petitioner's North Carolina convictions for breaking and entering meet the generic definition of burglary under the ACCA.  See United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) (holding that North Carolina breaking and entering categorically qualifies as burglary under 18 U.S.C. § 924(e)(2)(B)(ii)).  The Johnson decision left intact the application of the ACCA to the four offenses enumerated in the statute – burglary, arson, extortion, or use of explosives – as well as "the remainder of the Act's definition of a violent felony."  Id., 135 S. Ct. at 2563.

Thus, even after Johnson, Petitioner has at least three prior convictions that qualify him for the ACCA sentencing enhancement.  Consequently, his § 2255 Motion to Vacate fails and will be dismissed.

**IT IS, THEREFORE, ORDERED THAT:**

1. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** with prejudice;

2. Petitioner's Motion for Leave to File Supplemental Authority (Doc. No. 2) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 1, 2016

Richard L. Voorhees
United States District Judge